UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
|              Plaintiff,           ) | CASE NO.   CR05-395-JLR |
|     v.                               ) | |
|                                        ) | DETENTION ORDER |
| CALVIN JOSEPH BROWN,     ) | |
|              Defendant.        ) | |

Offenses charged:

    Count 1:    Felony in Possession of a Firearm - Armed Career Offender, in violation of Title 18, U.S.C., Sections 922(g)(1) and 924(e);

    Count 2:    Possession of a Firearm During and in Relation to a Drug Trafficking Crime, in violation of Title 18, U.S.C., Section 924(c);

    Count 3:    Possession of Methamphetamine with Intent to Distribute, in violation of title 21, U.S.C., Sections 841(a)(1) and 841(b)(1)(A)(viii).

Date of Detention Hearing:   November 9, 2005.

The Court, having conducted a uncontested detention hearing pursuant to Title 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention

DETENTION ORDER
PAGE -1-

hereafter set forth, finds that no condition or combination of conditions which the defendant can meet will reasonably assure the appearance of the defendant as required and the safety of any other person and the community.  The Government was represented by Andrew Colasurdo.  The defendant was represented by Peter Avenia.

The Government filed a Motion for Detention, to which the defendant stipulated, reserving the right to re-open the matter.

<u>FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION</u>

(1) There is probable cause to believe the defendant committed the drug offense. The maximum penalty is in excess of ten years.  There is therefore a rebuttable presumption against the  defendant's release based upon both dangerousness and flight risk, under Title 18 U.S.C. § 3142(e).

(2) Nothing in this record satisfactorily rebuts the presumption against release for several reasons:

(a) The defendant poses a risk of flight as his ties to the Western District of Washington are unknown or unverified and he is associated with twelve alias names and two dates of birth. Additionally, the defendant poses a risk of non-appearance given his numerous acts of non-compliance with court orders and failures to appear as indicated by his active bench warrant.

(b) The nature of the instant offense, in combination with the defendant's extensive criminal history, poses a risk of danger to the community.  The defendant's violation of a domestic violence no contact order further justifies the Court's concern of danger.

(c) The defendant stipulates to detention.

(3) Based upon the foregoing information, which is consistent with the recommendation of U.S. Pre-trial Services, it appears that there is no condition or combination of conditions that would reasonably assure future Court appearances and/or the safety of other persons or the community.

**It is therefore ORDERED**:

(1) The defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) The defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 14th day of November, 2005.

MONICA J. BENTON
United States Magistrate Judge

DETENTION ORDER
PAGE -3-